ORIGINAL

**RECEIPT FOR PAYMENT**

# United States Court of Appeals
# For The Federal Circuit

OFFICE OF THE CLERK

Received From _Larson Newman, LLP_
(NAME)

_In Re Ives_
(ADDRESS)

12/3/13
(DATE)

## NON-APPROPRIATED ACCOUNT

| | AMOUNT |
|---|---|
| Admission Fee | 450 00 |
| | |
| | |
| Duplicate Cert. of Admission | |
| | |
| | |
| | |
| | |
| | |
| TOTAL | 450 00 |

Clerk ☐
Deputy Clerk ☑ JB
☐

Cash ☐   Check ☐   MONEY ORDER ☐

27332

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

**In re Kevin Reid Imes**                                  )
**Serial No. 09/874,423**                                  )          **Appeal No. 2014-**
**Filed: June 4, 2001**                                    )
**For:  APPARATUS, SYSTEM, METHODS AND**                   )
    **NETWORK FOR COMMUNICATING**               )
    **INFORMATION ASSOCIATED WITH DIGITAL**)

### NOTICE FORWARDING CERTIFIED LIST

A notice of appeal to the United States Court of Appeals for the Federal Circuit was

timely filed on November 26, 2013, in the United States Patent and Trademark Office in

connection with the above-identified patent application.  Pursuant to 35 U.S.C. § 143 and Federal

Circuit Rule 17(b)(1), the United States Patent and Trademark Office (USPTO) is today

forwarding a certified list of documents comprising the record in the USPTO.

Messrs. Joseph G. Piccolo and Joseph Matal are representing the Director in this appeal.

Appellant must contact Messrs. Piccolo or Matal at (571) 272-9035 to arrange for designating

the record.

Deliver all papers served on the Solicitor in connection with this appeal as follows:

          By hand to:         Office of the Solicitor
                               600 Dulany Street
                               Madison West - Room 08C43
                               Alexandria, Virginia

          By mail to:         U.S. Patent and Trademark Office
                               Office of the Solicitor
      `                       Mail Stop 8, P.O. Box 1450
                               Alexandria, VA 22313-1450

Respectfully submitted,


Margaret A. Focarino
Commissioner for Patents of
the United States Patent and Trademark Office


Date: January 6, 2014        By: Macia L. Fletcher
                             Macia L. Fletcher
                             Paralegal Specialist
                             Mail Stop 8, P.O. Box 1450
                             Alexandria, Virginia 22313-1450
                             571-272-9035

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
and
THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Kevin R. Imes | § § § | |
| Appellant, | § § § | |
| v. | § § | |
| Teresa Stanek Rea, | § § | **NOTICE OF APPEAL** |
| Acting Director | § | |
| United States Patent and Trademark Office, | § § | |
| Appellee, | § § § | In re Application No. 09/874,423 Appeal No. 2012-012532 |

Notice is hereby given that Kevin R. Imes appeals to the United States Court of Appeals for the Federal Circuit from the Decision on Appeal of the Patent Trial and Appeal Board, United States Patent and Trademark Office entered on June 28, 2013, and from the Decision on Request for Reconsideration of the Patent Trial and Appeal Board, United States Patent and Trademark Office entered on October 2, 2013.

No fees are believed to be due to the United States Patent and Trademark Office in connection with this filing, but authorization is hereby given for any required fees to be charged to Deposit Account 50-3797.

Respectfully submitted this 26th Day of November, 2013.

BY:      /timothy g newman/

Timothy G. Newman
USPTO Reg. No. 34,228
LARSON NEWMAN, LLP
8200 N. Mopac Expy., Ste. 280
Austin, Texas 78759
(512) 439-7100 (Phone)
(512) 439-7199 (Fax)

## CERTIFICATE OF SERVICE

Pursuant to M.P.E.P. § 2683 and 37 C.F.R. §§ 1.248 and 1.983(b)(3), the undersigned attorney for Appellants certifies that a copy of the NOTICE OF APPEAL was served, via USPS, on November 26, 2013, on Appellee:

_____/timothy g newman/_____
by: Timothy G. Newman

**M/S BOX 8**
Attn: Director
Commissioner of Patents and Trademarks
Washington, DC  20231

2

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/874,423 | 06/04/2001 | Kevin Reid Imes | KRIMES.0001 | 5685 |

34456    7590    10/02/2013
LARSON NEWMAN, LLP
8200 N. MOPAC EXPY.
SUITE 280
AUSTIN, TX 78759

| EXAMINER |
|---|
| MISLEH, JUSTIN P |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2663 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/02/2013 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

docketing@larsonnewman.com

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

*Ex parte* KEVIN REID IMES

Appeal 2012-012532
Application 09/874,423
Technology Center 2600

*Before* THU A. DANG, JAMES R. HUGHES, and JEFFERY S. SMITH,
*Administrative Patent Judges.*

DANG, *Administrative Patent Judge.*

DECISION ON REQUEST FOR REHEARING

Appeal 2012-012532
Application 09/874,423

## I. STATEMENT OF THE CASE

Appellant has filed a Request for Rehearing under 37 C.F.R.
§ 41.52(a)(1) (hereinafter "Request") on August 28, 2013 for reconsideration
of our Decision mailed June 28, 2013 (hereinafter "Decision").

The Decision affirmed the Examiner's rejections of claims 24, 25,
and 29-33 over Schuetzle under 35 U.S.C. § 102(e); of claims 34, and 37-41
over Knowles under 35 U.S.C. § 102(e); of claim 26 over Schuetzle and
Aihara under 35 U.S.C. § 103(a); of claims 6-14, 16-23, 27 and 28 over
Schuetzle and Knowles under 35 U.S.C. § 103(a); of claims 35 and 42-47
over Knowles and Bodnar under 35 U.S.C. § 103(a); of claim 36 over
Knowles and Treyz under 35 U.S.C. § 103(a); and of claims 1-5 over
Schuetzle, Aihara and Knowles under 35 U.S.C. § 103(a).

We have reconsidered our Decision of June 28, 2013 regarding the
rejection of the claims, in light of Appellant's comments in the Request
(Request 1-5). We decline to change our Decision for the reasons discussed
*infra*.

## II. ISSUES

The issues we address on this Request are whether Appellant has
identified that the Board has misapplied the relevant law and
misapprehended the Appellant's arguments by:

1) finding that Schuetzle teaches "a processing engine that associates
the image information with a real estate agent and a network destination"
(claim 24).

2

Appeal 2012-012532
Application 09/874,423

    2) concluding that the combination of Schuetzle and Knowles would have suggested "a display module coupled to the processor that displays a reduced image representing the digital image within an interface" (claim 6).

    3) concluding that the combination of Schuetzle, Aihara, and Knowles would have suggested "the second communication module being a low power high-speed communication module" (claim 1).

    4) finding that Knowles teaches a communication module "operable to wirelessly communicate streaming video to a destination" (claim 34).

### III. ANALYSIS

    As for claims 1, 6, and 24, Appellant contends that the Decision held that the claims "were not patentable because they contained non-functional descriptive material" but "the Examiner never asserted this as a basis for any of his rejections," and thus, the Decision "invokes an undesignated new ground of rejection" (Request 1). Nevertheless, Appellant argues that 1) "[i]n claim 24, the image information that the Board ignores is associated by a processing engine, which is clearly a machine", 2) "[i]n claim 6, the display module is likewise a machine" and 3) "[i]n claim 1, 'low power high speed' is an adjective and not a thing" (Request 3). Appellant then contends that, with respect to claim 34, "[t]he Board's interpretation of 'streaming video' as 'continuous video transmission' is unreasonable, at least because it does not require that consecutive images be related to each other" (Request 4).

    Although Appellant argues that the Decision "invokes an undesignated new ground of rejection" by interpreting the claim as containing non-functional descriptive material (Request 1), Appellant is

3

Appeal 2012-012532
Application 09/874,423

reminded that the Board construes the claim *de novo*. *See In re Donaldson Co., Inc.*, 16 F.3d 1189, 1192 (Fed. Cir. 1994).

Further, it is well established that there is no new ground of rejection when the basic thrust of the rejection remains the same. *In re Kronig*, 539 F.2d 1300, 1302-1303 (CCPA 1976); *In re Jung*, 637 F.3d 1356, 1365 (Fed.Cir.2011); and *In re Adler*, 723 F.3d 1322, 1327 (Fed. Cir 2013). Where the statutory basis for the rejection remains the same and the evidence relied upon in support of the rejection remains the same, a change in the discussion of, or rationale in support of, the rejection does not necessarily constitute a new ground of rejection. *Id.*

In our Decision, we affirmed the Examiner's rejection under 35 U.S.C. § 35 U.S.C. § 102(e) and 103(a) instead of entering a new ground of rejection (Decision 15), and relied upon the same finding of facts (Decision 4-6). That is, in our Decision, the basic thrust of the rejection remained the same, and the evidence relied upon in support of the rejection remained the same. Accordingly, we find that Appellant's contention that the Decision "invokes an undesignated new ground of rejection" (Request 1) is without merit.

Although Appellant argues that "[i]n claim 24, the image information that the Board ignores is associated by a processing engine, which is clearly a machine" (Request 3), as set forth in our Decision, it is "the *informational content* of the data that is received, associated or communicated" that is "entitled to no weight in the patentability analysis" (Decision 8, emphasis added). That is, the question is not whether or not the information is associated with a machine, but whether or not the *type or content* of the

Appeal 2012-012532
Application 09/874,423

information/data to be received, associated or communicated is entitled to
weight in the patentability analysis.

As we noted in our Decision, "the 'image information representing a
real estate property feature' is the type/content of the data to be received,
associated and then communicated" (Decision 7). In particular,
"representing a real estate property" is the type/content of the
information/data that the input port is operable to receive, but the type of
data does not change the functionality of or provide an additional function to
how the information is to be received. That is, regardless of the type/content
of information, the receipt of the information/data still operates the same.

In our Decision, we gave "an input port operable to receive image
information representing a real estate property feature from an image
source" of claim 24 its broadest reasonable interpretation as merely an input
port that is able to receive data from an input source. Thus, as set forth in
our Decision, we give claim 24 "its broadest reasonable interpretation" as
merely requiring "a device comprising a processing engine that associates
data with an entity with which data can be associated and a network
destination" (Decision 8). Accordingly, in our Decision, we found that
"Schuetzle's portable image capture device comprises a processing engine
that associates data with an entity such as the operator of the device" and
thus we found "no error in the Examiner's rejection of claim 24" (*id.*).

Accordingly, contrary to Appellant's contention that "the Board
ignores [information that] is associated by a processing engine, which is
clearly a machine" (Request 3), we did not ignore information associated
with a machine, but rather did not give weight to the type/content of the data
that the input port is able to receive in our patentability analysis (Decision 7-

Appeal 2012-012532
Application 09/874,423

8). Thus, we broadly but reasonable interpreted claim 24 and we found no error in the Examiner's conclusion of unpatentability of claim 24 over Schuetzle (Decision 8).

Similarly, although Appellant contends that "[i]n claim 6, the display module is likewise a machine" (Request 3), as we indicated in our Decision, a "reduced" image "representing the digital image within an interface" of claim 6, i.e., the type/content of the image, is "essentially nonfunctional descriptive material" (Decision 10). In particular, "'reduced' is merely a description of how the image data is processed prior to the display thereof" and thus "merely describes the 'image' data" (*id.*). That is, claim 6 merely requires a display module that displays an image, but regardless of the type/content of image/data, the display of the image/data still operates the same.

Accordingly, contrary to Appellant's contention (Request 3), we did not ignore a machine, but rather did not give weight to the type/content of the data displayed by the display module in our patentability analysis (Decision 10). Thus, we broadly but reasonable interpreted claim 6 and we found no error in the Examiner's finding that Schuetzle's portable image capture device that "includes a module that displays image data" as required by claim 6 (Decision 11).

As to claim 1, even Appellant concedes that "[i]n claim 1, 'low power high speed' is an adjective and not a thing" (Request 3). As we indicated in our Decision, the terminology – "low power high-speed" – of claim 1 "merely describes the processing" and is "essentially nonfunctional descriptive material" (Decision 13). That is, claim 1 does not recite any function or step of processing by the module. Rather, "low power high-

6

Appeal 2012-012532
Application 09/874,423

speed" is merely a label describing the communication module comprised within the device. When descriptive material is not functionally related to the claimed medium, the descriptive material will not distinguish the invention from the prior art in terms of patentability. *See In re Ngai*, 367 F.3d 1336, 1339 (Fed. Cir. 2004) and *In re Gulack*, 703 F.2d 1381, 1385 (Fed. Circ. 1983).

Accordingly, contrary to Appellant's contention (Request 3), we did not consider "low power high-speed" as a thing, but concluded that the non-functional label description of the module is not entitled to weight in patentability analysis (Decision 13). Nevertheless, as set forth in our Decision, we found that both Schuetzle and Knowles both disclose a "communication module that comprises a low power high-speed communication module" and found "no error in the Examiner's rejection of claim 1" over Schuetzle, Aihara and Knowles (Decision 14).

As to Appellant's contention regarding claims 34-47 that the Board's interpretation of the claims is "[f]or the first time" (Request 2), as discussed above, the Board construes the claim *de novo*. *See Donaldson* at 1192. Furthermore, in our Decision, we affirmed the Examiner's rejection under 35 U.S.C. § 35 U.S.C. § 102(e) and 103(a) instead of entering a new ground of rejection (Decision 15), and relied upon the same finding of facts (Decision 4-6).

Although Appellant also contends that our claim construction of "streaming video" "does not require that consecutive images be related to each other" (Request 4), such argument is not commensurate in scope with the recited language of the claims. That is, the claims do not require any such "consecutive images" that are "related to each other" (*id.*)

7

Appeal 2012-012532
Application 09/874,423

As we noted in our Decision, "[c]laim 34 does not define 'streaming video' and the Specification is also silent as to its meaning" (Decision 9). Thus, we gave "streaming" its broadest reasonable interpretation as "continuous" and thus gave "operable to wireless communicate streaming video" its broadest reasonable interpretation *consistent* with the Specification as "*capable* of wirelessly communicating continuous video transmission" (*id.*).

Thus, we do not agree that we misapplied the relevant law and misapprehended the Appellant's arguments by finding that the Examiner did not err in rejecting 1) claims 24, 25, and 29-33 over Schuetzle; 2) claims 34, and 37-41 over Knowles; 3) claim 26 over Schuetzle and Aihara; 4) claims 6-14, 16-23, 27 and 28 over Schuetzle and Knowles; 5) claims 35 and 42-47 over Knowles and Bodnar; 6) claim 36 over Knowles and Treyz; and 7) claims 1-5 over Schuetzle, Aihara and Knowles. Accordingly, Appellants' Request does not persuade us to modify our Decision. Therefore, we find Appellants' argument unavailing.

## IV. CONCLUSION

We have carefully considered the arguments raised by Appellant in the Request for Rehearing, but the arguments are not persuasive that our original Decision was in error. We are still of the view that the invention set forth in the claims is unpatentable over the applied prior art based on the record before us in the original appeal. This Decision on Appellant's Request for Rehearing is deemed to incorporate our earlier Decision (mailed June 28, 2013) by reference. *See* 37 C.F.R. § 41.52(a)(1).

Appeal 2012-012532
Application 09/874,423

## V. DECISION

We have granted Appellant's request to the extent that we have reconsidered our Decision of June 28, 2013, but we deny the request with respect to making any changes therein.

### REHEARING DENIED

Vsh



### UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/874,423 | 06/04/2001 | Kevin Reid Imes | KRIMES.0001 | 5685 |

34456        7590        06/28/2013
LARSON NEWMAN, LLP
8200 N. MOPAC EXPY.
SUITE 280
AUSTIN, TX 78759

| EXAMINER |
|---|
| MISLEH, JUSTIN P |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2663 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/28/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

*Ex parte* KEVIN REID IMES

Appeal 2012-012532
Application 09/874,423
Technology Center 2600

Before THU A. DANG, JAMES R. HUGHES,
and GREGORY J. GONSALVES, *Administrative Patent Judges.*

DANG, *Administrative Patent Judge.*

DECISION ON APPEAL

Appeal 2012-012532
Application 09/874,423

# I. STATEMENT OF THE CASE

Appellant appeals under 35 U.S.C. § 134(a) from a Final Rejection of claims 1-14 and 16-47 (App. Br. 3). Claim 15 has been canceled (*id.*). We have jurisdiction under 35 U.S.C. § 6(b).

We affirm.

## A. INVENTION

Appellant's invention is directed to a wireless communications device having a wireless communications module which allows a user to communicate information associated with a digital images from a device to a desirable network location (Abstract; Spec. 6:24-27).

## B. ILLUSTRATIVE CLAIM

Claim 24 is exemplary:

24. A handheld electronic device for communicating digital images relating to a real estate transaction, comprising:

an input port operable to receive image information representing a real estate property feature from an image source;

a processing engine that associates the image information with a real estate agent and a network destination; and

a wireless communication module operable to communicate the image information to a selected destination to assist with facilitating the real estate transaction.

2

Appeal 2012-012532
Application 09/874,423

## C. REJECTIONS

The prior art relied upon by the Examiner in rejecting the claims on appeal is:

| | | |
|---|---|---|
| Aihara | US Pat. 6,223,190 B1 | April 24, 2001 |
| Treyz | US Pat. 6,526,335 B1 | Feb. 25, 2003 |
| Schuetzle | US Pat. 6,762,791 B1 | July 13, 2004 |
| Knowles | US 7,173,651 B1 | Feb. 6, 2007 |
| Bodnar | US 7,372, 485 B1 | May 13, 2008 |

Claim 24, 25, and 29 − 33 stands rejected under 35 U.S.C. § 102(e) as being anticipated by Schuetzle.

Claim 34 and 37 − 41 stands rejected under 35 U.S.C. § 102(e) as being anticipated by Knowles.

Claim 26 stands rejected under 35 U.S.C. § 103(a) as being unpatentable over Schuetzle in view of Aihara.

Claims 6 -14, 16 - 23, 27, and 28 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Schuetzle in view of Knowles.

Claims 35 and 42 - 47 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Knowles in view of Bodnar.

Claim 36 stands rejected under 35 U.S.C. § 103(a) as being unpatentable over Knowles in view of Treyz.

Claims 1-5 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Schuetzle in view of Aihara and Knowles.

Appeal 2012-012532
Application 09/874,423

## II. ISSUES

The dispositive issues before us are whether the Examiner has erred in determining that:

1. Schuetzle teaches "a processing engine that associates the image information with a *real estate agent* and a network destination" (claim 24, emphasis added);

2. Knowles teaches "a communications module connected to the processing engine, the communications module including an air interface having frequency-hopping Gaussian frequency shift keying modulation around 2.4 GHz, and operable to wirelessly communicate *streaming video* to a destination" (claim 34, emphasis added);

3. the combination of Schuetzle and Knowles teaches or would have suggested "a display module coupled to the processor that displays *a reduced image* representing the digital image within an interface" (claim 6, emphasis added); and

4. the combination of Schuetzle, Aihara, and Knowles teaches or would have suggested "the *second communication module* being a low power high-speed communication module" (claim 1, emphasis added).

## III. FINDINGS OF FACT

The following Findings of Fact (FF) are shown by a preponderance of the evidence.

*Schuetzle*

1.    Schuetzle discloses a portable image capture device 30 which includes a display and a hardware (and/or software) controlled processing means 38 for controlling operation thereof and for generating image files

Appeal 2012-012532
Application 09/874,423

corresponding to image data detected or captured by the device 30 (col. 4, ll. 51-55). Digital image files may be viewed on the display of the camera and are transferrable to a computer for further storage, display, processing, and distribution (col. 1, ll. 5-26).

2.    A device program executed by processing means 38 includes a request program segment that sends one or more prompts to the display for an operator to capture pre-defined image data with the portable image capture device 30, where the pre-defined image data may be images of a particular parcel of real estate (col. 7, ll. 40-41).

3.    A system computer program processes the image files based on the associated data processing attributes used to control sorting, routing, storage, and distribution of the image files (col. 9, ll. 31-36). The attributes may relate to data associated with a network (col. 9, ll. 40-41).

4.    Data is communicated between a data processing system and the portable image capture device using wireless signal transmission, including infrared or radio signal frequency ranges, signal transmission through a tethered connection, parallel or serial cables, and/or by transferring data stored on a removable media card, such as a magnetic data storage diskette or a non-magnetic data storage card like a flash memory card (col. 4, ll. 15-25). In particular, the device 30 may also include a removable data storage medium 35 (Fig. 1; col. 4, ll. 43-44).

*Knowles*

5.    Knowles discloses a simple wireless photo delivery system and process for a wireless camera device including both switched circuit cellular and wireless packet data modem capabilities, where a plurality of images are transmitted continuously (Fig. 12; col. 2, ll. 64-67 and col. 10, ll. 6-9).

5

Appeal 2012-012532
Application 09/874,423

The process can be implemented in the Sony Vaio C1 Picturebook computer
that incorporates a digital camera (col. 7, ll. 4-12).

6.    The wireless camera apparatus 110 transmits and receives
messages through a radio network 120 which may be a short range radio link
such as an in-building network or a radio link between the wireless device
and other devices using a standard protocol, such as the Bluetooth
Specification (col. 6, ll. 35-45).

*Sony Viao Press Release*

7.    Sony Viao Press Release discloses that the notebook computer
is equipped with a built-in CCD video camera for taking digital video clips
and still pictures that can be sent out as attachments of email messages or
can be uploaded to a web-page (p.1, ¶ [0001]).


IV. ANALYSIS

*Claims 24, 25, and 29 – 33*

As to claim 24, Appellant contends that "[n]o reasonable
interpretation of 'real estate agent' encompasses [an] 'operator [that captures
the image of the parcel of real estate]'" (App. Br. 8). However, the
Examiner finds that "Schuetzle discloses this feature because any 'operator
that captures the image of the parcel of real estate ... is considered by the
Examiner to be a real estate agent'" (Ans. 29-30). The Examiner notes that
"a recitation of the intended use of the claimed invention must result in a
structural difference between the claimed invention and the prior art in order
to patentably distinguish the claimed invention from the prior art" (Ans. 30).

We give claim 24 its broadest reasonable interpretation consistent
with the Specification. *See In re Morris*, 127 F.3d 1048, 1054 (Fed. Cir.

6

Appeal 2012-012532
Application 09/874,423

1997). Claim 24 does not define "real estate agent" but merely requires that
the processing engine associate the data ("digital images relating to a real
estate transaction") with a "real estate agent" (claim 24). Thus, we give
"real estate agent" its broadest reasonable interpretation as any entity with
which data can be associated.

Although claim 24 recites a "handheld electronic device for
communicating digital images relating to a real estate transaction," we find
such "relating to a real estate transaction" merely represent a statement of
intended use of the handheld electronic device. An intended use will not
limit the scope of the claim because it merely defines a context in which the
invention operates. *Boehringer Ingelheim Vetmedica, Inc. v. Schering-
Plough Corp.*, 320 F.3d 1339, 1345 (Fed. Cir. 2003).

We also note that, by arguing that a "real estate agent" is associated
with different information (App. Br. 8), Appellant's principal argument
urging patentability is predicated on non-functional descriptive material (i.e.,
the type or content of the data that is to be received, associated and
communicated). (App. Br. 8). That is, the "image information representing
a real estate property feature" is the type/content of the data to be received,
associated and then communicated.

The informational content of non-functional descriptive material is not
entitled to weight in the patentability analysis. *See In re Lowry*, 32 F.3d
1579, at 1583 (Fed. Cir. 1994) ("Lowry does not claim merely the
information content of a memory . . . . Nor does he seek to patent the content
of information resident in a database."). *See also Ex parte Nehls*, 88
USPQ2d 1883, 1887-90 (BPAI 2008) (precedential); Ex parte Curry, 84
USPQ2d 1272 (BPAI 2005) (informative) (Federal Circuit Appeal No.

Appeal 2012-012532
Application 09/874,423

2006-1003, aff'd, Rule 36 (June 12, 2006)); *Ex parte Mathias*, 84 USPQ2d
1276 (BPAI 2005) (informative), aff'd, 191 Fed. Appx. 959 (Fed. Cir.
2006). Here, the informational content of the data that is received,
associated or communicated is entitled to no weight in the patentability
analysis.

Thus, we give "[a] handheld electronic device for communicating
digital images relating to a real estate transaction, comprising: ... a
processing engine that associates the image information with a real estate
agent and a network destination" its broadest reasonable interpretation as a
device comprising a processing engine that associates data with an entity
with which data can be associated and a network destination, as consistent
with the Specification and claim 24.

Schuetzle discloses a portable image capture device that includes a
processing means for controlling operation thereof and for generating image
files corresponding to image data detected or captured by the device (FF 1).
The processing means executes a program that prompts the operator of the
device to capture pre-defined image data, where the images may be images
of real estate (FF 2). The image data may also be associated with a network
(FF 3). We find that Schuetzle's portable image capture device comprises a
processing engine that associates data with an entity such as the operator of
the device. That is, we find that Schuetzle's portable image capture device
comprises "a processing engine that associates the image information with a
real estate agent and a network destination" (claim 24).

Accordingly, we find no error in the Examiner's rejection of claim 24
under 35 U.S.C. § 102(b) over Schuetzle. Further, claims 25 and 29-33

8

Appeal 2012-012532
Application 09/874,423

(depending from claim 24) which have not been argued separately, fall with claim 24.

### Claims 34 and 37 – 41

Appellant contends that "[t]he word 'streaming' does not occur in Knowles, let alone the claim phrase 'streaming video'" (App. Br. 9). However, the Examiner finds that Knowles discloses "[a] continuous process of sending images is the equivalent of streaming video" (Ans. 31).

Claim 34 does not define "streaming video" and the Specification is also silent as to its meaning. We note that claim 34 merely requires that the communications module is "operable to" wirelessly communicate streaming video to a destination. We find such "operable to" language to merely represent a statement of intended use of the communications module which does not limit the claim. Thus, we give "a communications module connected to the processing engine … operable to wirelessly communicate streaming video to a destination" its broadest reasonable interpretation as a module that is *capable of* wirelessly communicating continuous video transmission, as consistent with the Specification and claim 34.

Knowles discloses a wireless camera device having both switched circuit cellular and wireless packet data modem capabilities, where a plurality of images are transmitted continuously (FF 5). This process may be implemented on a Sony Viao Picturebook computer that takes digital video clips sent as attachments of email messages or uploaded to a web-page (FF 5 and 7). The wireless camera may use a radio link between the wireless device and other devices using a standard protocol such as the Bluetooth (an air interface having short wavelength radio transmissions at around 2.4 GHz) (FF 6).

9

Appeal 2012-012532
Application 09/874,423

We find that Knowle's wireless camera device comprises a module that is capable of wirelessly communicating continuous video transmission. That is, we find that Knowles' wireless camera device comprises "a communications module ... including an air interface having frequency-hopping Gaussian frequency shift keying modulation around 2.4 GHz, and operable to wirelessly communicate streaming video to a destination" (claim 34).

Accordingly, we find no error in the Examiner's rejection of claim 34 under 35 U.S.C. § 102(e) over Knowles. Further, claims 37 – 41 (depending from claim 34) which have not been argued separately, fall with claim 34.

*Claims 6 -14, 16 - 23, 27, and 28*

Appellant contends that "[n]othing in Schuetzle even suggests that 'predefined image data' is reduced in any way" (App. Br. 8). However, the Examiner finds that "Schuetzle at least discloses a display module ... that is operable to display 'predefined image data'" (Ans. 29). The Examiner notes that "[t]he claim never defines the term 'reduced image'" (*id.*).

Claim 6 does not define "a reduced image". Although claim 6 recites that the "a display module coupled to the processor that displays a reduced image representing the digital image within an interface," we note that "reduced" is merely a description of how the image data is processed prior to the display thereof and thus, "reduced" merely describes the "image" data. That is, the limitation is essentially nonfunctional descriptive material.

Thus, we give "a display module coupled to the processor that displays a reduced image representing the digital image within an interface" its broadest reasonable interpretation as a module that displays image data, as consistent with the Specification and claim 6.

10

As noted *supra*, Schuetzle discloses a portable image capture device having a display that displays captured pre-defined image data (FF 1 and 2). We find that portable image capture device includes a module that displays image data.

Accordingly, we find no error in the Examiner's rejection of claim 6 under 35 U.S.C. § 103(a) over Schuetzle in view of Knowles. Further, claims 7-10, 12-14, 16 - 23, and 27 (depending from claims 6 and 24) which have not been argued separately, fall with claim 6.

### *Claim 28*

Appellant argues that "Appellant does not dispute that Schuetzle teaches a wireless communication module, or that Knowles teaches an RF communication module;" rather, Appellant contends that "neither reference shows both" (App. Br. 10). However, the Examiner finds that Schuetzle discloses "a wireless communication module" (Ans. 4) and Knowles discloses "a high speed low power RF communication module" (Ans. 17).

As noted *supra*, Schuetzle discloses a portable image capture device having a wireless communication module that communicates data between a data processing system and the portable image capture device using wireless signal transmission (FF 4). We find the portable image capture device comprises "a wireless communication module operable to communicate the image information to a selected destination" (claim 28).

Knowles discloses a wireless camera apparatus having a short range radio link communications module (FF 6). We find Knowles' camera comprises "a high speed low power RF communication module" (claim 28).

The Supreme Court has stated that "[t]he combination of familiar elements according to known methods is likely to be obvious when it does

11

Appeal 2012-012532
Application 09/874,423

no more than yield predictable results." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 416 (2007).

Thus, we find no error in the Examiner's finding that the combination of Schuetzle's a portable image capture device (including the wireless communication module) with the wireless camera having a high speed low power RF communication module, as disclosed in Knowles, produces handheld electronic device having a wireless communication module and a high speed lower power RF communication module which would be obvious (Ans.4 and 17; FF 3 and 5).

Accordingly, we find no error in the Examiner's rejection of claim 28 under 35 U.S.C. § 103(a) over Schuetzle in view of Knowles.

*Claim 11*

Appellant contends that the "[s]orting, routing, storage, and distribution [disclosed in Schuetzle] are not formatting" (App. Br. 10). However, the Examiner finds that "Schuetzle explicitly discloses that the 'data processing attributes may be used to control sorting, routing, storage and distribution of the image files'" (Ans. 12).

Claim 11 merely requires that the processing engine is "operable to" format the image information in response to the destination associated with the selected process. Thus, we give "the processing engine operable to format the image information in response to the destination associated with the selected process" its broadest reasonable interpretation as a processing engine that is *capable of* formatting data in response to data, as consistent with the Specification and claim 11.

Schuetzle discloses a system computer program that processes the image files based on the associated data processing attributes used to control

Appeal 2012-012532
Application 09/874,423

sorting, routing, storage, and distribution of the image files (FF 3). We find
that Schuetzle's system comprises a processing engine that is capable of
formatting data in response to data (processing attributes).

Accordingly, we find no error in the Examiner's rejection of claim 11
under 35 U.S.C. § 103(a) over Schuetzle in view of Knowles.

*Claims 1-5*

Appellant contends that Schuetzle "describe[s] the [removable] card
… as 'a removable data storage medium' and not a 'low power high-speed
communications module'" (App. Br. 7). Appellant asserts that "[o]ne of
ordinary skill would not understand 'wireless communication module' to
encompass a removable media card" (*id.*).

However, the Examiner finds that "[e]ven if the label for the
communication module itself could somehow be construed so as to require a
wireless communication function (which the Examiner is not admitting),
Schuetzle anticipates this feature by providing a removable memory card"
(Ans. 27).

Although claim 1 recites that the "second communication module
being a low power high speed communication module," we note that "low
power high speed" is merely a description of how the module is processes
data thereof and thus, "low power high speed" merely describes the
processing. That is, the limitation is essentially nonfunctional descriptive
material.

As noted *supra*, Schuetzle discloses that data is communicated
between a data processing system and the portable image capture device
using wireless signal transmission, including infrared or radio signal
frequency ranges, and/or by transferring data stored on a removable media

13

Appeal 2012-012532
Application 09/874,423

card, such as a magnetic data storage diskette or a non-magnetic data storage card like a flash memory card (FF 4). We find that that Schuetzle's wireless communication module (such as the wireless data communication transfer from a removable media card) comprises a second communication module that comprises a low power high-speed communication module.

In addition, Knowles discloses a simple wireless photo delivery system and process for a wireless camera device including both a first and a second wireless communication module: switched circuit cellular and wireless packet data modem (FF 5). We find that Knowles' first and second wireless communication modules comprise at least one low power high-speed communication module.

Accordingly, we find no error in the Examiner's rejection of claim 1 under 35 U.S.C. § 103(a) over Schuetzle in view of Aihara and Knowles. Further, claims 2-5 (depending from claim 1) which have not been argued separately, fall with claim 1.

*Claims 26, 35, 36, and 42 – 47*

Appellant argues that claims 26, 35, 36, and 42 – 47 are patentable over the cited prior art for the same reasons asserted with respect to independent claims 24 and 34 (App. Br. 8, 9, and 11).

As noted *supra*, however, we find that Schuetzle teaches all the features of claim 24 and Knowles teaches all the features of claim 34. We therefore affirm the Examiner's rejection of claim 26 under 35 U.S.C. § 103 over Schuetzle in view of Aihara, of claims 35 and 42 – 47 under 35 U.S.C. § 103 over Knowles in view of Bodnar, and of claim 36 under 35 U.S.C. § 103 over Knowles in view of Treyz.

14

Appeal 2012-012532
Application 09/874,423

## V. CONCLUSION AND DECISION

The Examiner's rejection of claims 24, 25, 29-34, and 37-41 under 35
U.S.C. § 102(e) and claims 1-14,16 - 23, 26-28, 35, 36, and 42-47 under 35
U.S.C. § 103(a) is affirmed.

No time period for taking any subsequent action in connection with
this appeal may be extended under 37 C.F.R. § 1.136(a)(1)(iv).

### AFFIRMED

tkl

Form PTO 55 (12-80)

## U.S. DEPARTMENT OF COMMERCE
## United States Patent and Trademark Office

January 6, 2014

(Date)

**THIS IS TO CERTIFY** that the annexed is an accurate list of the content entries in the file of the patent application identified below. The list was taken from the IFW electronic database of this Office and comprises the record before the United States Patent and Trademark Office.

**The Patent Application of:**

**Applicant:**   **KEVIN REID IMES**

**Serial No. :**  **09/874,423**

**File Date:**   **June 4, 2001**

**Invention:**   **APPARATUS, SYSTEM, METHODS AND NETWORK FOR COMMUNICATING INFORMATION ASSOCIATED WITH DIGITAL**



By authority of the
COMMISSIONER FOR PATENTS OF THE
UNITED STATES PATENT AND TRADEMARK
OFFICE

*Marcia L. Fletcher*

*Certifying Officer*

**Prosecution History for Patent Application Serial Number 09/874,423**

| Date | History Text |
|------|--------------|
| 06/04/2001 | Specification, Claims, Abstract, Drawings, Declaration |
| 06/04/2001 | Claims Worksheet |
| 06/04/2001 | Fee Worksheet |
| 06/04/2001 | Fee Worksheet |
| 06/04/2001 | Bibliographic Data Sheet |
| 06/04/2001 | Issue Information |
| 06/04/2001 | Search Notes |
| 06/04/2001 | Index of Claims |
| 06/04/2001 | Authorization for Extension of Time – all replies |
| 09/25/2002 | Preliminary Amendment |
| 10/21/2002 | Information Disclosure Statement (IDS) |
| 08/25/2004 | Requirement for Restriction/Election |
| 10/21/2004 | Change of Address |
| 10/26/2004 | Response to Election/Restriction |
| 12/02/2004 | Fee Worksheet |
| 09/08/2005 | Office Action re: Non-Compliance of Response to Election/Restriction |
| 09/27/2005 | Response to Election/Restriction |
| 10/03/2005 | Fee Worksheet |
| 11/09/2005 | Office Action re: Non-Responsive Response to Election/Restriction |
| 12/01/2005 | Response to Election/Restriction |
| 12/01/2005 | Fee Worksheet |
| 12/07/2005 | Notice to the Applicant regarding a Non-Compliant or Non-Responsive Amendment |
| 12/13/2005 | Amendment/Request Reconsideration -- After Non-Final Rejection |
| 12/13/2005 | Fee Worksheet |
| 02/21/2006 | Requirement for Restriction/Election |
| 02/21/2006 | Index of Claims |
| 09/20/2006 | Notice of Abandonment |
| 09/20/2006 | Examiner Interview Summary Record |
| 12/01/2006 | Change of Address |
| 05/08/2006 | Change of Address |
| 04/29/2009 | Power of Attorney |
| 05/06/2009 | Notice of Acceptance of Power of Attorney |
| 05/06/2009 | Notice Regarding Change of Power of Attorney |
| 05/22/2009 | Response to Election/Restriction |
| 05/22/2009 | Fee Worksheet |
| 05/22/2009 | Petition for Revival of an Application for Patent Abandoned Unintentionally Under 37 CFR 1.137(b) |
| 05/22/2009 | Fee Worksheet |
| 08/31/2009 | Decision on Petition - DISMISSED |
| 11/30/2009 | Extension of Time |
| 11/30/2009 | Renewed Petition Under 37 C.F.R. § 1.137(b) |

| | |
|---|---|
| 11/30/2009 | Exhibit A to Renewed Petition Under 37 C.F.R. § 1.137(b) – Declaration of Kevin R. Imes |
| 11/30/2009 | Fee Worksheet |
| 01/20/2010 | Decision on Petition – GRANTED |
| 02/23/2010 | Letter Withdrawing/Vacating Office Action |
| 04/26/2010 | Non-Final Rejection |
| 04/26/2010 | List of References Cited by Applicant and Considered by Examiner |
| 04/26/2010 | List of References Cited By Examiner |
| 04/26/2010 | Search Results |
| 04/26/2010 | Search Notes |
| 09/27/2010 | Extension of Time |
| 09/27/2010 | Amendment/Request Reconsideration – After Non-Final Rejection |
| 09/27/2010 | Information Disclosure Statement (IDS) |
| 09/27/2010 | Fee Worksheet |
| 09/27/2010 | Fee Worksheet |
| 11/30/2010 | Final Rejection |
| 11/30/2010 | List of References Cited by Examiner |
| 11/30/2010 | List of References Cited by Applicant and Considered by Examiner |
| 11/30/2010 | Search Results |
| 11/30/2010 | Search Notes |
| 01/26/2011 | Petition Under 37 C.F.R. § 1.144 for Review of Restriction Requirement |
| 01/26/2011 | Exhibit A to Petition Under 37 CFR 1.144 for Review of Restriction Requirment |
| 01/28/2011 | Notice of Appeal |
| 01/28/2011 | Fee Worksheet |
| 03/11/2011 | Extension of Time |
| 03/11/2011 | Response After Final Action |
| 03/11/2011 | Fee Worksheet |
| 04/04/2011 | Information Disclosure Statement (IDS) |
| 04/08/2011 | Amendment After Final or Under 37 CFR 1.312, initialed by the Examiner |
| 04/08/2011 | Advisory Action |
| 04/08/2011 | List of References Cited by Examiner |
| 04/08/2011 | List of References Listed by Applicant and Considered by Examiner |
| 04/28/2011 | Extension of Time |
| 04/28/2011 | Appeal Brief |
| 04/28/2011 | Fee Worksheet |
| 05/09/2011 | Notice – Defective Appeal Brief |
| 06/02/2011 | Supplemental Appeal Brief |
| 06/16/2011 | Decision on Petition to Withdraw Restriction Under 37 CFR 1.144 - GRANTED |
| 09/01/2011 | Non-Final Rejection |
| 09/01/2011 | List of References Cited by Examiner |
| 09/01/2011 | Search Results |
| 09/01/2011 | Search Notes |
| 12/01/2011 | Information Disclosure Statement (IDS) |
| 01/03/2012 | Extension of Time |
| 01/03/2012 | Amendment/Request Reconsideration – After Non-Final Rejection |

| | |
|---|---|
| 01/03/2012 | Fee Worksheet |
| 01/03/2012 | Fee Worksheet |
| 01/26/2012 | Final Rejection |
| 01/26/2012 | List of References Cited by Applicant and Considered by Examiner |
| 02/17/2012 | Information Disclosure Statement |
| 04/23/2012 | Notice of Appeal |
| 04/23/2012 | Fee Worksheet |
| 05/25/2012 | Appeal Brief |
| 05/25/2012 | Fee Worksheet |
| 06/21/2012 | Letter from Examiner re: Consideration of IDS dated 2/17/2012 |
| 06/21/2012 | List of References Cited by Applicant and Considered by Examiner |
| 07/02/2012 | Examiner's Answer to Appeal Brief |
| 09/04/2012 | Reply Brief |
| 09/28/2012 | Appeal Docketing Notice |
| 12/27/2012 | Information Disclosure Statement (IDS) |
| 04/05/2013 | Information Disclosure Statement (IDS) |
| 06/28/2013 | Patent Board Decision – Examiner Affirmed |
| 08/28/2013 | Request for Rehearing of Patent Board Decision |
| 10/02/2013 | Decision on Reconsideration – Denied |
| 10/21/2013 | Information Disclosure Statement (IDS) |
| 10/21/2013 | Fee Worksheet |
| 11/26/2013 | Appeal to CAFC |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the NOTICE

FORWARDING CERTIFIED LIST has been served on counsel for this 6th day of January, 2014

as follows:

Timothy G. Newman
LARSON NEWMAN, LLP
8200 N. Mopac Expressway, Suite 280
Austin, TX 78759

By: _Macia L. Fletcher_

**Macia L. Fletcher**
Paralegal Specialist